DECISION.
Following a guilty verdict, the trial court convicted appellant Alphonso O'Hara of one count of breaking and entering and one count of receiving stolen property. O'Hara's conviction arose from the theft of a minibike from Western Hills Honda, a Cincinnati business. O'Hara appeals his conviction, raising one assignment of error. He contends that his conviction is against the manifest weight of the evidence because there are inconsistencies in the state's evidence. Although it is unclear from his brief, it appears that O'Hara also challenges the sufficiency of the evidence supporting his conviction. We address both arguments, but hold that O'Hara remains caught.
The standard of review for a challenge to the weight of the evidence differs from that used for a sufficiency-of-the-evidence challenge.[1]
In deciding a weight-of-the-evidence challenge, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[2] To reverse on the weight of the evidence, we must "disagree with the factfinder's resolution of the conflicting evidence."[3] When a conviction is reversed on the weight of the evidence, the remedy is a new trial.[4] Because we must recognize that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact,"[5] and that the trier of fact is free to believe all, part or none of the testimony of each witness,[6] our power to grant a new trial must be exercised in only the exceptional case.
In reviewing a sufficiency-of-the-evidence challenge, we must determine whether the evidence, viewed in a light most favorable to the state, could have convinced any reasonable trier of fact beyond a reasonable doubt that the defendant committed the offenses for which he was convicted.[7] If the evidence is insufficient to sustain a conviction, the defendant cannot be retried for the offenses.[8]
Cheviot and Cincinnati police officers responded to an alarm at Western Hills Honda, located on Harrison Avenue. (Cheviot officers responded because of the proximity of the Honda dealership to the city of Cheviot.) They learned that the store had been broken into and that a minibike had been stolen. Because the minibike was in gear when it was removed from the Honda store, a skid mark led from inside the store to a door with broken plexiglass. The glass had been pushed out in order to unlock the door.
Meanwhile, a witness driving down Harrison Avenue observed an African-American male pushing a small minibike down a well-lit area of the street at midnight. Thinking it odd, the witness slowed his pace in order to better see the person. Although the witness proceeded forward, he kept watching the man. Seeing police cars in front of Western Hills Honda, the witness stopped and told an officer what he had observed. The witness explained that the man pushing the minibike was African-American and was wearing a light-colored jacket with dark sweat pants and white gym shoes.
The officer radioed the description, and another officer stopped O'Hara. The witness identified O'Hara as the man he had seen pushing the minibike. The police found the missing minibike in a nearby alcove. They found O'Hara's fingerprint on the broken plexiglass from the rear door of the Honda store. The officers also found a shoeprint on a piece of paper on the floor of the Honda store, and tests revealed that it matched O'Hara's shoe.
On appeal, O'Hara challenges his conviction based on impeachment evidence, discrepancies in the testimony of the various witnesses, and the fact he was not holding the minibike when he was stopped. Even acknowledging these factors, we conclude that the jury did not lose its way in resolving conflicts in the evidence. While O'Hara was not holding the bike when apprehended, he was otherwise sufficiently red-handed. Shoeprints and fingerprints from the scene were persuasive, in addition to the eyewitness testimony.
Assuming that O'Hara also has raised a sufficiency-of-the-evidence claim, we conclude that it is meritless. Having reviewed the record under the appropriate standard, and in light of the elements of the applicable offenses, we conclude that any reasonable trier of fact could have found beyond a reasonable doubt that O'Hara had committed the offenses of breaking and entering and receiving stolen property. In fact, it would have been unreasonable to find otherwise. We overrule O'Hara's assignment and affirm the trial court's judgment.
Sundermann and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[3] See State v. Thompkins at 387, 678 N.E.2d at 546-547.
[4] See State v. Martin at 175, 485 N.E.2d at 720.
[5] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[6] See State v. Antill (1964), 176 Ohio St. 61, 197 N.E.2d 548.
[7] See State v. Jenks (1991), 61 Ohio St.3d 259-260, 574 N.E.2d 492, paragraph two of the syllabus.
[8] See Tibbs v. Florida (1982), 457 U.S. 31, 47, 102 S.Ct. 2211,2221.